UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **AARON KNOTT, ET AL** | **CIVIL DOCKET NO. 6:23-cv-00401** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **UNITED WATER SYSTEM, INC., ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## ORDER

Before the Court is a MOTION FOR PRIMARY JURISDICTION REFERRAL AND MOTION FOR STAY OF PROCEEDINGS (the "Motion") [Doc. 44] filed by Defendant United Water System, Inc. ("UWS"). Plaintiffs Michael Carruth, Karen Carruth, Christina Sonnier, Aaron Knott, and Christine Olivier ("Plaintiffs") oppose the Motion [Doc. 48], and UWS filed a reply brief [Doc. 49]. For the following reasons, UWS's Motion is DENIED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This lawsuit and proposed class action is brought by customers and members of UWS's drinking water system who allege they have suffered direct harm as a result of UWS's negligent operation of the community's drinking water system and ongoing failure to adhere to drinking water laws, rules, standards, and regulations. On February 16, 2023, Plaintiffs filed suit against UWS and American Alternative Insurance Corporation in the 16th Judicial District Court for the Parish of St. Martin, seeking damages under theories of negligence, redhibition, breach of contract, product liability, negligent chemical assault and trespass, and detrimental reliance. Plaintiffs also seek certification of this matter for class action treatment. UWS

removed the matter to this Court on March 29, 2023, on grounds that the Plaintiffs' state law claims require interpretation of federal law in connection with the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300f, *et seq*. [Doc. 1].[1] On June 7, 2023, Plaintiffs filed a First Supplemental, Amending and Restated Class Action Petition for Damages, adding National Union Fire Insurance Company of Pittsburgh, PA as a defendant. [Doc. 21].

In the instant Motion, UWS urges the Court to refer this matter to the Louisiana Department of Health ("LDH") for a determination or opinion regarding whether the drinking water UWS supplied to Plaintiffs was safe for human consumption or otherwise usable. Plaintiffs argue that a referral is not necessary or required. All issues having been briefed by the parties, the Motion is now ripe for review.

## LAW AND ANALYSIS

"The doctrine of primary jurisdiction ... is a doctrine of judicial abstention whereby a court which has jurisdiction over a matter [] nonetheless defers to an administrative agency for an initial decision on questions of fact or law within the peculiar competence of the agency." *Occidental Chem. Corp. v. La. Pub. Serv. Comm'n*, 810 F.3d 299, 309 (5th Cir. 2016), *quoting REO Indus., Inc. v. Nat. Gas*

---

[1] In its Notice of Removal, UWS states that "Plaintiffs assert a general federal drinking water claim, which is sustained by the Notice of Intent to File Safe Drinking Water Act Suit against United Water System, Inc., dated January 23, 2023, sent to Defendant pursuant to 42 USCA § 300j-8; ultimately distinguishing such claims as removable." Although the Plaintiffs have not, in fact, alleged a claim under the SDWA in either their original or amended complaint, subject matter jurisdiction exists in this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

*Pipeline Co. of Am.*, 932 F.2d 447, 465 (5th Cir. 1991). However, a court's discretion to seek the administrative agency's input in those cases where the agency will be a "material aid" to the ultimate decision is not unlimited. *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 532 F.2d 412, 418 (5th Cir. 1976).

Although "[n]o fixed formula exists for applying the doctrine of primary jurisdiction," *United States v. Western Pacific Railroad Co.*, 352 U.S. 59, 64, 77 S. Ct. 161, 1 L.Ed.2d 126 (1956), the Fifth Circuit has set forth three prerequisites that must exist before a court may exercise its discretion to stay the matter: "(i) the court has original jurisdiction over the claim before it; (ii) the adjudication of that claim requires the resolution of predicate issues or the making of preliminary findings; and (iii) the legislature has established a regulatory scheme whereby it has committed the resolution of those issues or the making of those findings to an administrative body." *Northwinds Abatement, Inc. v. Emp'rs Ins. of Wausau*, 69 F.3d 1304, 1311 (5th Cir. 1995). In conjunction with the foregoing, however, is a requirement that courts determine "whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Western Pacific Railroad Co.,* 352 U.S. at 64.

UWS's argument that this case involves complex factual and scientific questions that are outside the Court's conventional experience is unpersuasive. The Environmental Protection Agency has adopted objective, quantifiable, and measurable standards for safe levels of contaminants in water such as arsenic, lead, and mercury. 42 U.S.C.A. § 300g-1. These standards were promulgated and adopted

in the "National Primary Drinking Water Regulations," found at 40 CFR § 141, *et seq*. These regulations provide for certain quantifiable upper and lower limits for substances such as inorganic contaminants (40 CFR §§ 141.11, *et seq*.; 141.50, *et seq*.; 141.62, *et seq*.); residual disinfectant levels (40 CFR § 141.65, *et seq*.); and lead and copper levels (40 CFR § 141.80, *et seq*.).  Where, as here, the Plaintiffs seek damages for UWS's alleged violation of these standards – as opposed to requesting remedial injunctive relief – the Court finds that the case can proceed in the normal course without the need for additional information or action from LDH.  The burden, after all, is on the Plaintiffs, who must prove their state law claims and resulting damages.

Thus, for the reasons stated herein, the Court concludes that abstaining under the primary jurisdiction doctrine would not serve any cognizable purpose.  Should the contours of this litigation change, the Court may revisit this issue *sua sponte* or upon leave of Court at the request of a party.

Accordingly,

IT IS HEREBY ORDERED that UWS's MOTION FOR PRIMARY JURISDICTION REFERRAL AND MOTION FOR STAY OF PROCEEDINGS [Doc. 44] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 9th day of February 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE