UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **AARON KNOTT, ET AL** | **CIVIL ACTION NO.: 6:23-cv-00401** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **UNITED WATER SYSTEM, INC., ET AL** | **MAG. JUDGE DAVID J. AYO** |

**JOINT MOTION FOR CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES ONLY, PRELIMINARY APPROVAL OF SETTLEMENT, APPOINTMENT OF CLAIMS ADMINISTRATOR, APPROVAL OF THE FORM AND MANNER OF THE COMBINED CLASS CERTIFICATION OPT-OUT AND SETTLEMENT NOTICE, AND APPROVAL OF PROOF OF CLAIM FORM AND SUBMISSION DEADLINE**

Plaintiffs and Defendants, United Water System, Inc. ("United Water"), American Alternative Insurance Corporation ("AAIC"), National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") (collectively, "Defendants"), who represent that the Parties to this matter have reached a contingent Settlement Agreement and, in furtherance of the said Settlement and for the reasons set forth in the accompanying memorandum, move this Court to:

1.

Certify the proposed Class as defined below (and in the attached Settlement Agreement under Section 1.6) for settlement purposes only, pursuant to FRCP 23(a) and FRCP 23(b)(3). The parties stipulate to the certification of this proposed class for settlement purposes only, pursuant to FRCP 23(a) and FRCP 23(b)(3). In support of this Motion to Certify the Class for settlement purposes only, the parties direct the Court to plaintiffs' previously filed Motion for Class Certification with Supporting Memorandum (Doc. 75, et seq.).

> "All natural persons who are residential property owners (including members of their household) and lessees of residential property (including members of their household) who at any time between February 16, 2013 and the present *are/were*

1

*United Water System account holders* and received their water supply from United Water System, Inc. and, as a result of receiving water from United Water System, Inc. between February 16, 2013 and the present, have any of the following claims: mental and emotional distress; non-reimbursed personal expenses; nuisance, annoyance, discomfort, and inconvenience; civil trespass; fear of bodily injury, fear of contracting disease, fear of increased risk of contracting disease; personal property damage/loss as it relates to clothes and/or linens, diminution in value of clothes and/or linens, out of pocket expenses, including but not limited to expenses for purchasing bottled water/ice, purchase of water/ice dispensers, expenses of installing water filtration systems and related maintenance and filter replacement costs or need for same in the future; loss of use and enjoyment of real property, homes and leased property(ies)."

*(The parties have added the italicized language seen above to more adequately define the class and to ensure proper notice to all class members using the best notice that is practical under the circumstances and allows potential class members to be identified through reasonable effort).*

2.

Preliminarily approve the settlement between the Parties as reflected in the Settlement Agreement dated January 8, 2025 (attached hereto as **Exhibit A**) as fair, reasonable and adequate, entered into in good faith and without collusion, and within the range for possible judicial approval and that the Court direct that the Agreement and the Settlement set forth therein be submitted to the Class for consideration at a fairness hearing upon the Parties filing a Motion for Final Approval of Settlement.

3.

Find that the proposed distribution of Settlement Proceeds at a uniform amount per connection, with an allowance for an equivalent payment to any and all Class Members who are no longer United Water account holders who timely and properly submit a Proof of Claim form, is fair and reasonable.

4.

Appoint attorney GARY RUSSO to serve as Claims Administrator to be assisted by EisnerAmper and Eisner Advisory Group, LLC with the authority to (i) administer the notice plan

approved herein; (ii) devise a plan for establishing appropriate reserves to be deducted from the Settlement Payment in order to establish the amount available from the Settlement Payment for distribution to Class Members; (iii) establish appropriate criteria for evaluation of Claims of Class Members; review and evaluating the Claims of Class Members in accordance with the criteria so established; (iv) establish proposed allocations for each Class Member in accordance with these criteria and evaluations; (v) prepare a proposed plan for distribution of the proposed allocations; (vi) submit to the Court a report on the above, along with recommendations for the Court's consideration in proceeding with the allocation and distribution process following the Effective Date; (vii) engage such staff, deputies, and experts as reasonably necessary and conducting such hearings as may be necessary and appropriate to carry out this assignment, the Class Member disbursements, and the individual allocation or distribution of Class Counsel fees; (viii) engage in ex parte communications with the Court and parties as as may be necessary and appropriate to carry out this assignment, the Class Member disbursements, and the individual allocation or distribution of Class Counsel fee; and (ix) perform such other acts and functions as may be necessary or appropriate to fulfill the duties and responsibilities as set forth herein and in the Agreement, or as the Court may direct. The experience and qualifications of Gary Russo are detailed in the affidavit attached as **Exhibit B** hereto.

5.

Order that Gary Russo, as Claims Administrator to be assisted by EisnerAmper and Eisner Advisory Group, LLC, shall be responsible for accepting and maintaining documents sent from Class Members, including Opt-Out Notices, Proof of Claim Forms, and other documents relating to claims administration and that the Claims Administrator may seek Court approval for

reimbursement from the Settlement Fund for all fees and expenses incurred in connection with claims administration and the dissemination/publication of the Settlement Notice.

6.

Approve the form and manner of the Combined Class Certification Opt-Out and Settlement Notice to the Class (attached hereto in long form as **Exhibit C** and in short form as **Exhibit D**), the plan for dissemination of the notice via direct mailing to account holders of United Water, publication in the TECHE NEWS and THE DAILY WORLD, and publication of a website to include all reasonable notices and forms and ordering that any and all Opt-Outs to the Settlement shall be sent to the Claims Administrator and Objections to the Settlement shall be sent to the Court as well as Class Counsel and Defendants no later than thirty (30) days from the later of the date that said notices are mailed to account holder Class Members or the date of publication of the notice in the TECHE NEWS and THE DAILY WORLD, and that the Claims Administrator shall file a report on Opt-Outs with the Court no later than fourteen (14) days following the deadline for Opt-Out Deadline.

7.

Approve the Proof of Claim Form (attached hereto as **Exhibit E**) for all Class Members who are no longer account holders of United Water and the plan to make the Proof of Claim Form available to all such Class Members on a website dedicated to the Settlement and referenced in the approved notices and order that Proof of Claim forms shall be received by the Claims Administrator no later than thirty (30) days from the later of the date that said notices are mailed to account holder Class Members or the date of publication of the notice in the TECHE NEWS and THE DAILY WORLD.

WHEREFORE, Plaintiffs and Defendants pray that this Honorable Court issue the aforementioned orders, as set forth in the accompanying proposed order.

<div style="columns:2">

*On behalf of the Class Plaintiffs*

*/s/ Gordon J. Schoeffler*
**Gordon J. Schoeffler**
ATTORNEY AT LAW
730 JEFFERSON ST. (70501)
P.O. Box 4829
Lafayette, LA 70502
Phone 337-234-5505
gordon@gjslawoffice.com


*/s/ Kenneth W. DeJean*
Kenneth W. DeJean (No. 4817)
Adam R. Credeur (No. 35095)
Natalie M. DeJean (No. 32423)
**LAW OFFICES OF KENNETH W. DEJEAN**
417 West University Avenue (70506)
Post Office Box 4325
Lafayette, Louisiana 70502
(337) 235-5294 – Telephone
(337) 235-1095 – Fax
kwdejean@kwdejean.com
adam@kwdejean.com
natalie@kwdejean.com

*On behalf of United Water System, Inc.*

*/s/ John E. W. Baay, II*
JOHN E. W. BAAY, II (No. 22928)
Email:  jbaay@glllaw.com
J. MICHAEL DiGIGLIA (No. 24378)
Email:  mdigilia@glllaw.com
NICHOLAS S. BERGERON (No. 37585)
Email:  nbergeron@glllaw.com
**GIEGER, LABORDE & LAPEROUSE, L.L.C.**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011

*On behalf of American Alternative Insurance Corporation*

*/s/ Nicholas P. Arnold*
**NICHOLAS P. ARNOLD, #31602**
narnold@bluewilliams.com
**BETTE MATHENY, #37879**
bmatheny@bluewilliams.com
**HAILEY E. LYONNAIS, #39399**
hlyonnais@bluewilliams.com
**BLUE WILLIAMS, LLC**
3421 N. Causeway Blvd., Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 837-1182

*On behalf of National Union Fire Insurance Company of Pittsburgh, Pa.*

*/s/ Thomas Kent Morrison*
Thomas Kent Morrison (LA Bar No. 25802)
Katharine R. Colletta (LA Bar No. 27552)
Michael J. Catalano (LA Bar No. 38159)
**PHELPS DUNBAR LLP**
Canal Place | 365 Canal Street, Suite 2000

</div>

        New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: morrisok@phelps.com
Email: katharine.colletta@phelps.com
Email: michael.catalano@phelps.com