UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| AARON KNOTT, ET AL | CIVIL DOCKET NO. 6:23-cv-00401 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| UNITED WATER SYSTEM, INC., ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### FINAL ORDER

Before the Court is an UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, [Doc. 130], wherein Plaintiffs, Aaron Knott, Michael Carruth, Karen Carruth, Christina Sonnier and Christine Olivier, individually and on behalf of the class certified in this matter for settlement purposes only ("Plaintiffs"), seek final approval of the *Settlement Agreement and Release*, [Doc. 130-2], (the "Settlement Agreement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Defendants, United Water System, Inc., American Alternative Insurance Corporation, and National Union Fire Insurance Company of Pittsburgh, Pa. ("Defendants"). Also before the Court is an UNOPPOSED MOTION TO BE APPOINTED CLASS COUNSEL AND FOR ALLOCATION OF ATTORNEYS' FEES AND EXPENSES FROM SETTLEMENT FUNDS, filed by Plaintiffs [Doc. 124] (collectively, the "Motions"). Having considered the Motions and after holding a Final Fairness Hearing on June 3, 2025, the Court GRANTS IN PART the Motions as described herein and for the reasons set forth below.

**BACKGROUND**

This matter arises from United Water System, Inc.'s alleged negligence in its purported ongoing failure to maintain and distribute potable drinking water to its customers and members and adhere to drinking water laws, rules, standards, and regulations. *See* [Doc. 89]. On February 16, 2023, Plaintiffs, on behalf of themselves and all others similarly situated, filed a state court petition in the Sixteenth Judicial District for the Parish of St. Martin, alleging an array of damages stemming from United Water System, Inc.'s allegedly deficient water quality. [Doc. 1-1]. Defendants subsequently removed the matter to this Court on March 29, 2023. [Doc. 1]. Prior to the Court holding a hearing on Plaintiffs MOTION FOR CLASS CERTIFICATION, [Doc. 75], the parties filed a notice of settlement. [Doc. 112].

On January 27, 2025, this Court entered an Order that granted class certification of this matter for settlement purposes, preliminarily approved the Settlement Agreement, and authorized dissemination of notice of the Settlement Agreement ("Preliminary Approval Order"). [Doc. 121]. Due and adequate notice has now been given to the class (the "Class") in compliance with the procedures set forth in the Settlement Agreement and the Preliminary Approval Order and a Final Fairness Hearing was held on June 3, 2025. After careful consideration of the relevant filings, the Court enters the following Order:

**A.   DEFINITIONS**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement. [Doc. 130-2, pp. 5-7].

**B.     JURISDICTION**

1. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all members of the Class.  Venue is also proper in this district.

2. Although this Order constitutes a final judgment, the Court retains jurisdiction of all matters relating to the Settlement Agreement and disposition of the Settlement Fund. Plaintiffs' counsel and the Claims Administrator are hereby directed to continue overseeing implementation of the Settlement Agreement. Counsel may seek from this Court such further orders or process as may be necessary to protect and implement the Settlement Agreement and this Order.

**C.     NOTICE**

1. Members of the Class had the right to exclude themselves ("opt out") by way of the opt-out procedures set forth in the Preliminary Approval Order and detailed in the Notice Plan approved by this Court.  Excluded from the Class are those persons who validly and timely requested exclusion from the Class by way of the opt-out procedure.  Four (4) individuals requested exclusion.  [Doc. 130-3, p. 8].

2. Pursuant to the Court's Preliminary Approval Order, the approved Notice was sent to the Class Members via direct U.S. mail and was also published in the following sources: the TECHE NEWS newspaper, THE DAILY WORLD newspaper and on the settlement website (www.UWSSettlement.com).  The form and method for notifying the Class Members of the Settlement Agreement and its terms and conditions were in conformity with this Court's Preliminary Approval Order, satisfied the requirements of due process, and constituted the best notice practicable

under the circumstances. The Court further finds that the Notice Plan was designed to advise the Class Members of their rights and clearly and concisely presented all aspects of the Action and Settlement in plain, easily understood language.

### D. CLASS CERTIFICATION

1. This Court previously granted class certification, for settlement purposes only, of the following Class [Doc. 121]:

> "All natural persons who are residential property owners (including members of their household) and lessees of residential property (including members of their household) who at any time between February 16, 2013 and the present are/were United Water System account holders and received their water supply from United Water System, Inc. and, as a result of receiving water from United Water System, Inc. between February 16, 2013 and the present, have any of the following claims: mental and emotional distress; non-reimbursed personal expenses; nuisance, annoyance, discomfort, and inconvenience; civil trespass; fear of bodily injury, fear of contracting disease, fear of increased risk of contracting disease; personal property damage/loss as it relates to clothes and/or linens, diminution in value of clothes and/or linens, out of pocket expenses, including but not limited to expenses for purchasing bottled water/ice, purchase of water/ice dispensers, expenses of installing water filtration systems and related maintenance and filter replacement costs or need for same in the future; loss of use and enjoyment of real property, homes and leased property(ies)."

2. The Settlement Class is amended to remove the four individuals who chose to opt-out of the Class: (i) Elaine Latiolais, (ii) Vicki Sonnier, (iii) Jason Sonnier, and (iv) Ashley Trahan. *See* [Doc. 130-4, p. 8].

### E. CLASS COUNSEL AND REPRESENTATIVES

1. The Court herein appoints Gordan J. Schoeffler, Adam R. Credeur, Kenneth W. DeJean, and Natalie M. DeJean as Class Counsel.

2. The Court previously appointed Garry J. Ruso as Claims Administrator, [Doc. 121, p. 3], and approved an incentive payment of $1,000 for each of the Class Representatives, [Doc. 123].

**F. FAIRNESS OF SETTLEMENT**

1. "There is a 'strong judicial policy favoring the resolution of disputes through settlement'" and a presumption of the settlement's fairness is made in the absence of contrary evidence. *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 843 (E.D. La. 2007), *citing Smith v. Crystian*, 91 F. App'x 952, 955 (5th Cir. 2004).

2. Based on the evidence in the record, as well as the evidence and testimony presented at the Final Fairness Hearing on June 3, 2025, having considered the requirements for approval set forth in Fed. R. Civ. P. 23(e) and the factors discussed by the Fifth Circuit in *Reed v. General Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983), and for reasons orally stated at the Final Fairness Hearing, the Court finds that the settlement of the Class Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate and in the best interest of the Class Members.

3. There is no evidence of fraud or collusion behind the Settlement. The Settlement Agreement will benefit the Class; counsel for both Plaintiffs and Defendants have engaged in sufficient discovery to understand the strengths and weaknesses of their respective cases for purposes of negotiating a settlement. Plaintiffs' success on the merits would be uncertain, and both Class Counsel and the Class Representatives are in favor of the Settlement Agreement.

4.	Accordingly, the Motion [Doc. 130] is GRANTED, and the Settlement Agreement is FINALLY APPROVED.

**G.	ATTORNEYS FEES AND EXPENSES**

1.	The Court has also considered the application for attorneys' fees and expenses. For the reasons that follow, Court approval for these payments is GRANTED IN PART as amended herein:

2.	The Court finds that the litigation expenses incurred to date by Class Counsel are reasonable and should be reimbursed out of the Settlement Fund.

3.	The Fifth Circuit has approved district courts' "use of the percentage method cross-checked with the *Johnson* factors." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012). Courts consider the following factors in analyzing the reasonableness of a requested fee: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974).

4.	The Court has reviewed the *Johnson* factors and concludes that the proposed attorneys' fees in this case, which amount to 40% of the value of the Settlement Agreement, exceed what is permissible in this case.

5. At the outset, the Court recognizes that counsel worked diligently on this matter, committing substantial time and effort to the prosecution of this case. The Court also highlights that counsel possesses significant experience in this field. The Court also recognizes that this case may be considered undesirable by many practitioners due to the *de minimis* nature of each individual plaintiff's claim. *See In re Dell Inc.*, 2010 WL 2371834, at *17 (W.D. Tex. June 11, 2010), *aff'd, appeal dismissed sub nom. Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632 (5th Cir. 2012). Lastly, the Settlement Agreement enabled Plaintiffs to obtain recovery when their individual claims may have been unsuccessful, saving Class Members time, risk, and inconvenience.

6. But the absence of physical personal injury claims and the procedural posture of the case at the time of settlement significantly simplified the proceedings. Plaintiffs' counsel did not have to navigate complex medical causation issues. And the parties reached a settlement relatively early – before even a class certification hearing took place. *Contra In re Vioxx Prods. Liab. Litig.*, 760 F. Supp. 2d 640, 656 (E.D. La. 2010). Additionally, although the Settlement Agreement adequately compensates the Settlement Class for past nuisance and minor property damages resulting from the allegedly deficient water, it does not create any binding obligation for the Defendants to address or rectify the alleged underlying water contamination issue. [Doc. 120-2].

Importantly, attorney fees awarded in similar cases are typically lower. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 424 F. Supp. 3d 456, 497–98 (E.D. La. 2020) (fees between 32% and 37% are reasonable for settlements between $1

million and $2 million); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show … fee awards in class actions average around one-third of the recovery."); NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th Ed. 2022) ("More recent empirical data on fee awards demonstrate that percentage awards in class actions are generally between 20–30%, with the average award hovering around 25%.").

7. Accordingly, the Court modifies the attorneys' fees to be awarded in this matter to 33.3% of the Settlement.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the proposed Settlement Agreement is approved. Accordingly, the Court grants the UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT. [Doc. 130].

IT IS FURTHER ORDERED that Plaintiffs' UNOPPOSED MOTION TO BE APPOINTED CLASS COUNSEL AND FOR ALLOCATION OF ATTORNEYS' FEES AND EXPENSES FROM SETTLEMENT FUNDS, [Doc. 124], is GRANTED IN PART as follows:

1. Gordan J. Schoeffler, Adam R. Credeur, Kenneth W. DeJean, and Natalie M. DeJean are appointed as Class Counsel;

2. Class Counsel shall be paid an attorney fee of 33.3% ($499,500) of the $1,500,000 Settlement Fund; and

3. Class Counsel shall be reimbursed its litigation expenses to date, in the amount of $83,936.33 from the Settlement Fund.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE without costs to any party, except as otherwise provided herein (subject to retention of jurisdiction to enforce the Settlement Agreement).

IT IS FURTHER ORDERED that by entry of this final judgment, Plaintiff and all Settlement Class Members who have not opted out of the Settlement Agreement shall be deemed to have forever released, relinquished, and discharged United Water System, Inc. and the Released Persons from any and all claims covered by the Settlement Agreement.

IT IS FURTHER ORDERED that in accordance with Rule 54 of the Federal Rules of Civil Procedure, this Order is a final and appealable order. Specifically, this Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims against United Water System, Inc., the Named Plaintiffs, and all Settlement Class Members. The Clerk of Court is directed to enter a Final Judgment of Dismissal and close this case.

THUS, DONE AND SIGNED in Chambers on this 3rd day of June 2025.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE